UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CHERRILYN HARPER,

    Plaintiff,

vs.

ADT, LLC, d/b/a ADT SECURITY SERVICES,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff CHERRILYN HARPER, through undersigned counsel, sue Defendant CUBITA ADT, LLC, d/b/a ADT SECURITY SERVICES, a foreign limited liability company ("ADT"), and alleges as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. § 216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Broward County, Florida, and is *sui juris*.

5.     Defendant ADT is and at all relevant times during Plaintiff's period of employment was, a foreign for-profit limited liability company authorized to do business, and doing business in Broward and Palm Beach Counties, Florida.  ADT operated as a home and corporate security company that during the relevant time frame used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6.     At all relevant times during Plaintiff's employment, ADT was an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.

7.     At all times during her employment with ADT, and for the three-year period immediately preceding the filing of this lawsuit, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks, specifically in the position of Senior Payroll Processor.

8.     Plaintiff has been, and continues to be, employed by ADT from in or about October 2014 to the present in the position of Senior Payroll Processor.  During the relevant period of Plaintiff's employment, Plaintiff regularly worked more than 40 hours in one or more of the work weeks, but was not paid the required time and one-half her regular hourly rate for all overtime hours she worked.  During the relevant time period, Plaintiff was misclassified as an exempt employee who was paid a salary the amount of which was based on a 40-hour per work week schedule, working out of ADT's Pompano and Boca Raton offices.  Plaintiff's prior employer, Defcon Security, had been paying Plaintiff the salary based on a 40-hour per work

week schedule, and ADT continued this arrangement and understanding when it acquired Defcon Security in or about October 2014.

9.     During the relevant time period of her employment with ADT, the sheer volume of work Plaintiff was required to perform for ADT caused her to regularly work more than 40 hours in the ADT's offices where she was stationed, and also caused her to work many hours each week, including Saturdays and Sundays, from home both prior to and after her regularly scheduled weekly work hours. Although Plaintiff regularly worked more than 40 hours each work week during her employment with ADT, and ADT was aware of such overtime work, she was not paid any overtime premium pay whatsoever until after October 4, 2017, when ADT, realizing that it had misclassified Plaintiff, notified Plaintiff that, as a Senior Payroll Processor, she was a non-exempt employee and would henceforth be paid at an hourly rate of $35.14 for 40 hours of work each work week (based on her previous annual salary of $73,099.80) plus time and one-half that regular hourly rate for any overtime she would work. A copy of the October 4, 2017 letter to Plaintiff from ADT providing her with notice of this change to her status and her correct classification as a non-exempt employee is attached as Exhibit "A".

10.    During her employment with ADT and until ADT, on October 4, 2017, recognized that Plaintiff should have been classified as a non-exempt employee entitled to overtime and one and one-half time her regular hourly rate, Plaintiff estimates that she worked between 30 to 35 hours, and sometimes over 40 hours, of overtime each work week during her employment for which she received no payment whatsoever.

11.    Plaintiff was not required to punch in and out of work, was not obligated to keep any time sheets or time records of her work, and was not required to sign in and sign out of her work either at the ADT offices or while working at home.

12. Although Plaintiff regularly worked more than 40 hours each work week during the relevant period of her employment with ADT, she was not paid any overtime compensation whatsoever. During this same period, other Senior Payroll Processors, with duties the same as or similar to Plaintiff, were employed by ADT and were properly classified as non-exempt employees for FLSA overtime compensation, being paid a regular hourly rate for up to 40 hours of work each week, plus time and one half the regular hourly rate for any and all overtime hours worked. The fact that ADT was at all relevant times aware that Plaintiff should have been classified as a non-exempt employee (as other similarly situated employees were) and that she should have been paid overtime compensation for any and all overtime hours she worked during the relevant time period evidences that ADT was aware of its overtime payment obligations to Plaintiff and that its incorrect classification of Plaintiff as an exempt employee and its failure to pay her overtime was a willful violation of the FLSA's overtime compensations requirements. The period that ADT is liable to Plaintiff for any and all unpaid overtime is thus three years prior to the commencement of this lawsuit.

13. For the first 67 weeks of the relevant three-year period, Plaintiff was paid at an effective regular hourly rate, based on her annual salary that she had been paid that was offered to her and based upon a 40-hour per work week schedule, of $34.66, with a time and one-half overtime rate of $51.99 per hour. For the following 75 weeks of work, Plaintiff was paid an effective hourly rate of $35.14, based on her annual salary of $73,099.80 based on a 40-hour per work week schedule, with a time and one-half overtime rate of $52.71 per hour. Plaintiff estimates that over the three-year period immediately preceding the filing of this lawsuit (the relevant period of from approximately December 1, 2014 through October 4, 2017), based upon ADT's willful failure to pay her any overtime compensation, she worked between 4,260 and

4,970 overtime hours and is owed between $223,097.40 and $260,280.30 in unpaid overtime compensation.

14. Plaintiff has kept some of her pay records, but the complete records of the compensation actually paid to Plaintiff and the time Plaintiff worked are, or should be, in the possession, custody, and control of Defendants.  Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid to Plaintiff per the record-keeping requirements of the FLSA.  This failure to maintain the required records under the FLSA further evidences a willful failure of ADT to comply with the ADT as to its obligation to pay Plaintiff overtime compensation.

15. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

16. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

17. Plaintiff re-alleges paragraphs 1 through 16 as if set forth fully herein.

18. Under the FLSA, ADT was obligated to pay Plaintiff time and one-half her regular hourly pay rate for all hours worked in excess of 40 hours per work week.  Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the full time and one-half her regular hourly rate of pay for the overtime hours she worked, as required by the FLSA.

19. Defendants have failed and refused to pay Plaintiff the required full time and one-half her regular hourly rate for each work week in which she worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

20. As a direct and proximate result of ADT's violation of the FLSA, Plaintiff has suffered damages equal to the extra time and one-half her regular hourly rates for all hours she worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimated unpaid overtime is alleged in paragraph 11 above.

21. ADT engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law, as alleged in paragraphs 10 and 12 above.

22. Plaintiff is also entitled to recover her costs, expenses, and reasonable attorney's fees under the FLSA.

23. Inasmuch as ADT's failure to misclassify Plaintiff and not pay her any overtime was willful, the coverage period for ADT's overtime obligation to Plaintiff should be three years prior to the filing of this lawsuit.

**WHEREFORE**, Plaintiff demands judgment against Defendant ADT for the following relief:

1. A declaration that ADT was in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation during the three-year period preceding the filing of this lawsuit;
2. An award to Plaintiff of all unpaid overtime as required under the FLSA,
3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,
4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and
5. Such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: November 29, 2017.

>RODERICK V. HANNAH, ESQ., P.A.
>Attorneys for Plaintiff
>8751 West Broward Boulevard, Suite 303
>Plantation, Florida  33324
>Telephone:  (954) 362-3800
>Facsimile:   (954) 362-3779
>E-mail:  rhannah@rhannahlaw.com
>             kflynn@rhannahlaw.com
>
>By:   *s/ Roderick V. Hannah*
>       Roderick V. Hannah
>       Florida Bar No. 435384