## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between (a) CHERRILYN HARPER, individually, together with her heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Harper") and (b) ADT LLC, together with its predecessors (including Protection One Alarm Monitoring, Inc.), successors, affiliates (including all Protection One and ADT entities), subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, business partners, legal representatives and any other person or entity who Harper may allege jointly employed her at any time (hereafter referred to as "ADT").

1. **Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** claims that Harper may have against ADT including, but not limited to, any claims for relief that were made or could have been made by Harper in the matter of *Cherrilyn Harper v. ADT LLC*, in the United States District Court, Southern District of Florida, Case No. 17-62336-CIV-GAYLES-SELTZER (the "Lawsuit"). It is a further and equal purpose of this Agreement to resolve **any and all** disputes, controversies, or claims, that Harper may have against ADT, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law.

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Harper has not relied on any representation, compromise, conduct or action made by or on behalf of ADT or ADT's attorneys. Harper acknowledges that she has obtained the advice of competent counsel and agrees that she has been given a reasonable period of time within which to consider this Agreement. Harper and ADT confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that ADT expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given by ADT to Harper under this Agreement consists of payment to Harper of One Hundred Thousand Dollars and Zero Cents ($100,000.00) to be distributed as follows:

SETTLEMENT AGREEMENT AND RELEASE                              PAGE 1

Harper's Initials

**EXHIBIT A**

(a) Forty Thousand Dollars and Zero Cents ($40,000.00), minus all applicable withholdings, payable to Cherrilyn Harper, which represents resolution of her claims for unpaid overtime and severance pay;

(b) Forty Thousand Dollars and Zero Cents ($40,000.00), payable to Cherrilyn Harper, which represents resolution of her claims for liquidated damages;

(c) Twenty Thousand Dollars and Zero Cents ($20,000.00), payable to The Law Office of Roderick V. Hannah, Esq., P.A. for attorneys' fees and costs.

The above-referenced payments shall be delivered to Rod Hannah, Esq. within twenty (20) days of the date this Agreement becomes final and non-revocable, is approved by the Court, an Order of Dismissal With Prejudice in the Lawsuit is entered by the Court, and W-9s are provided to ADT's counsel for Cherilynn Harper and The Law Office of Roderick V. Hannah, Esq., P.A. The consideration given by Harper to ADT in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5. **Release of ADT:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Harper hereby knowingly and voluntarily releases and discharges ADT from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Harper has or might have, whether or not as a result of, or in any way connected with her employment or separation of employment with ADT, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Genetic Information Nondiscrimination Act, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, the Florida Minimum Wage Act, and all other local, state or federal laws including but not limited to these relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for

injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which Harper has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement.

6. **Approval of Settlement and Dismissal of Lawsuit With Prejudice:** As a part of this settlement and concurrently with the execution of this Agreement, Harper shall file all necessary documents to achieve approval of the settlement and dismissal with prejudice of the Lawsuit, including signing a Motion for Approval and Joint Stipulation of Voluntary Dismissal with Prejudice. Harper agrees not to reargue, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever, nor shall any other court actions or other legal proceedings of any type be filed that are connected in any fashion to the employment of Harper with ADT or Harper's separation from that employment, or for any personal injuries sustained in the course of such employment, or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the effective date of this Agreement.

7. **Withdrawal of All Claims/Charges:** Harper specifically agrees: (A) that any claims she has or might have pertaining to ADT's employment practices arising under any municipal, state, or federal law are completely settled; and (B) that she will immediately file all necessary paperwork to withdraw any pending complaints, charges, claims, or causes of action that may have been filed against ADT with any municipal, state, or federal government agency or court. Nothing in this Agreement is intended to, or shall, interfere with Harper's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement. Harper shall not, however, be entitled to any relief, recovery, or monies in connection with any such action or investigation brought against ADT, regardless of who filed or initiated any such complaint, charge, or proceeding.

8. **Resignation and No Re-Employment:** Harper's signature on this Agreement confirms her resignation of employment effective February 14, 2018, as stated on the record in the open court. Harper expressly waives and disclaims any right to reinstatement or reemployment with ADT, and agrees never to seek employment with ADT at any time in the future. Harper agrees and acknowledges that her signature on this Agreement is grounds for immediate rejection of any application for employment submitted by her.

9. **Acknowledgment of Receipt of All Payment Owed:** Harper specifically agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which she was and/or is entitled as a result of her employment with ADT.

10. **Attorneys' Fees:** In any action brought to enforce this Agreement or any action regarding an alleged breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs.

**11.     Non-Disparagement and Neutral Reference:** Harper agrees that she will not in any way disparage, defame, libel or slander ADT to any persons, including but not limited to current or former customers and employees, or members of the media. ADT agrees to provide Harper with a positive letter of reference in the form attached hereto as Exhibit A. Any additional reference shall be a neutral job reference available through The Work Number, and would include only dates of employment and positions held.

**12.     Return of Property:** Harper agrees to immediately return all property belonging to ADT, including, but not limited to, keys, security cards, computer and computer related equipment, documents, supplies, and confidential documents. Harper agrees that any information obtained from her employment with ADT is considered proprietary and confidential, and she agrees not to disclose such information to anyone at any time. ADT agrees to return to Harper any personal items that were left at her workstation following her resignation.

**13.     No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

**14.     Severability:** If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

**15.     Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

**16.     Governing Law:** The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

**17.     Ownership of Claims:** Harper represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

**18.     Multiple Originals:** This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and fax signature copies shall be deemed originals.

---

SETTLEMENT AGREEMENT AND RELEASE
PAGE 4

_CH._
Harper's Initials

19. **Medicare Representations:** Harper represents that she is not enrolled in the Medicare program and was not enrolled at the time that any of the claims released and given up arose or anytime thereafter through the date of this Agreement. Harper represents and warrants that the information provided to ADT for confirmation of Harper's Medicare status, including Harper's name, gender, date of birth, and Social Security Number, is complete, accurate, and current as of the date of this Agreement.

20. **Other Claims and Liens:** Harper represents and warrants that no Medicaid payments have been made to or on behalf of Harper and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any claims release and given up. Harper further agrees that she, and not ADT, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

21. **Indemnification:** Harper agrees to indemnify and hold harmless ADT from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, arising from or related to this Agreement, any conditional payments made by Medicare, or any medical expenses or payments arising from or related to any claims released and given up that are subject to this Agreement or the release set forth herein, including but not limited to: (a) all claims and demands for reimbursement of conditional payments or for damages based upon any failure to reimburse Medicare for conditional payments; (b) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to ADT by Harper or Harper's Counsel or upon any failure of Harper or Harper's Counsel to provide information; and (c) all Medicaid liens. This indemnification obligation includes all damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of ADT in connection with such claims, demands, subrogated interests, or causes of action.

22. **Tax Indemnity:** ADT makes no representations regarding the taxability of any payments made under this Agreement. Harper acknowledges and understands that ADT has no responsibility for any tax payments. Harper accepts sole responsibility for all tax payments due as a result of this Agreement. Harper agrees to indemnify ADT for any tax payments that the Internal Revenue Service or any other local, state or federal taxing agency determines to be due and owing as a result of any payment made pursuant to the terms of this Agreement.

23. **Opportunity to Consider:** Harper is hereby advised and encouraged to consult with an attorney before signing this Agreement. Harper has twenty-one (21) days from the date she receives this Agreement in which to consider and accept this Agreement by signing and returning this Agreement to Steven A. Siegel, Esquire, Fisher & Phillips, LLP, 450 East Las Olas Boulevard, Suite 800, Fort Lauderdale, Florida 33301. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Agreement, Harper agrees that

---

SETTLEMENT AGREEMENT AND RELEASE

*CH* 
Harper's Initials

this Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against one party in favor of the other.

**24.    Revocation Period:**  All parties acknowledge that this Agreement will not become effective or enforceable until seven (7) days from the date that Harper signs this Agreement. During that seven (7) day period, Harper may revoke this Agreement.  If Harper does not advise Steven A. Siegel, Esquire, Fisher & Phillips, LLP, 450 East Las Olas Boulevard, Suite 800, Fort Lauderdale, Florida 33301, in writing within such seven (7) day period of an intent to revoke this Agreement, this Agreement will become effective and enforceable upon expiration of the seven (7) days.

DATE: February 20, 2018        Signature: _____
                                            Cherrilyn Harper

DATE: February 19, 2018        Signature: _____
                                            _____, on behalf of
                                            ADT LLC

STATE OF FLORIDA )
)
COUNTY OF BROWARD )

Before me, the undersigned NOTARY public, on this date personally appeared **Cherrilyn Harper**, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this 20th day of February, 2018.

_____
Notary Public in and for
the State of Florida

Signer identified by:

☐ Personal Knowledge; or

☑ Production of Identification



Notary Public State of Florida
Kathryn G Flynn
My Commission FF 246064
Expires 07/18/2019

Florida Driver's License
Type of Identification Produced

My Commission Expires: 7/18/2019

SETTLEMENT AGREEMENT AND RELEASE
PAGE 7